FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2012 OCT -2  A 9: 03

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

CHRISTINA BARKLOW

CIVIL CASE NO:  3:12CV695

Plaintiff,

v.

**JURY TRIAL DEMANDED**

EQUIFAX INFORMATION
SERVICES, L.L.C;

TRANS UNION LLC;

EXPERIAN INFORMATION
SOLUTIONS, INC;

HOMEWARD RESIDENTIAL,
INC. f/k/a AMERICAN HOME
MORTGAGE SERVICING, INC;
and
OCWEN LOAN SERVICING, LLC

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, CHRISTINA BARKLOW, (hereafter collectively the

"Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), 15

U.S.C. § 1666 (Federal Fair Credit Billing Act), and for the common law tort of defamation.

## JURISDICTION

The jurisdiction of this Court is conferred by 15 U.S.C.§ 1681(p) and 28 U.S.C.

1367.

2.   The Plaintiff is a natural person and resident of the State of Virginia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

## PARTIES

3.   Upon information and belief, EQUIFAX INFORMATION SERVICES, L.L.C ("Equifax") is a Limited Liability Company organized under the laws of the State of Georgia authorized to do business in the State of Virginia through its registered offices at Bank of America Center, 16th Floor 1111 East Main Street, Richmond, Virginia.

4.   Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15U.S.C. § 1681(d) to third parties.

5.   Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

6.   Upon information and belief, TRANS UNION LLC ("TransUnion") is a Limited Liability Company organized under the laws of the State of Delaware authorized to do business in the State of Virginia through its registered offices at Bank of America Center, 16th Floor 1111 East Main Street, Richmond, Virginia.

7.   Upon information and belief, TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15U.S.C. § 1681(d) to third parties.

8. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

9. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC ("Experian") is a corporation incorporated under the laws of the State of Ohio authorized to do business in the State of Virginia through its registered offices at 1001 Haxall Point, Richmond, Virginia.

10. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and belief, HOMEWARD RESIDENTIAL, INC. formerly known as AMERICAN HOME MORTGAGE SERVICING, INC, ("AHMSI") is a mortgage servicer, authorized to do business in the State of Virginia, through its registered offices at 4701 Cox Road STE 301, Glen Allen, Virginia.

13. Upon information and belief, OCWEN LOAN SERVICING, LLC, ("Ocwen") is a mortgage servicer, authorized to do business in the State of Virginia through its registered offices at Bank of America Center, 16th Floor 1111 East Main Street, Richmond, Virginia.

## FACTS

14. In 2006, Cicel Johnson, the cousin of the Plaintiff obtained two loans using the name and personal information of the Plaintiff.

15. In early 2007, Plaintiff received a communication from Defendants, AHMSI, and OCWEN stating that she was liable for two loans with an approximate balance of $215,000.

16. In the fall of 2007, Plaintiff requested and received a copy of the credit file of the Plaintiff compiled and maintained by Equifax, Experian and TransUnion.

17. Within each credit report, it was reported that Plaintiff had opened and was responsible for the credit account, which account was still outstanding and had a derogatory payment history based on representations made by AHMSI and OCWEN.

18. The AHMSI and OCWEN representations were false. Plaintiff had never personally applied for or obtained any credit from AHMSI or OCWEN.

19. In or about March, 2009, Plaintiff, through her attorney, contacted Equifax, Experian and TransUnion disputing the AHMSI and OCWEN representations and requested further information regarding same. Plaintiff's attorney notified Equifax, Experian and TransUnion that the account was opened by another person using the Plaintiff's personal information. Plaintiff's attorney demanded proof from AHMSI and OCWEN showing that Plaintiff was either signor or co-signor and suggested that they had mistakenly linked these accounts to the Plaintiff.

20. A copy of the correspondence was also forwarded to Defendants, Equifax, Experian and TransUnion, requesting that each verify and delete the erroneous AHMSI and OCWEN representations from her credit file.

21. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendants, Equifax, Experian and TransUnion, each did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the AHMSI and OCWEN representations.

22.  In the alternative to the allegation that Defendants, Equifax, Experian and TransUnion all failed to contact AHMSI or OCWEN, it is alleged that Equifax, Experian and TransUnion did forward some notice of the dispute to AHMSI and OCWEN, and each failed to conduct a lawful investigation.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

23.  The Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

24.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

25.  As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of a job opportunity, credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

26.  Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

27.  The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

28.  Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

29. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to AHMSI and OCWEN; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

30. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§ 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

32. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST TRANSUNION

33. The Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

34. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

35. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by loss of a job opportunity, credit, loss of the ability to purchase and

benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36. TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

37. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANSUNION

38. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

39. TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to AHMSI and OCWEN; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

40. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

41. TransUnion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§ 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

42. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

43. The Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of a job opportunity, credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

47. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

48. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

49. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant

information to AHMSI and OCWEN; by failing to maintain reasonable procedures with

which to filter and verify disputed information in the Plaintiff's credit file; and by relying

upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered

damage by loss of credit; loss of the ability to purchase and benefit from credit; and the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

51. Experian's conduct, action and inaction was willful, rendering it liable for actual

or statutory damages, and punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C.§ 1681n. In the alternative, it was negligent entitling the Plaintiff to

recover actual damages under 15 U.S.C. § 1681(o).

52. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.


## FIRST CLAIM FROM RELIEF AGAINST AHMSI

53. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set

out herein.

54. AHMSI published the AHMSI representations to Equifax, Experian and

TransUnion and through Equifax, Experian and TransUnion to all of Plaintiff's potential

lenders on multiple occasions, including but not limited to the MBNA response to Equifax

published just prior to 2007. As the representations were false, AHMSI defamed the

Plaintiff.

55. The Defamation was willful and with malice. AHMSI did not have any

reasonable basis to believe that the Plaintiff was responsible for the account reported in the

AHMSI representation. It also had substantial evidence by which to have verified that the

Plaintiff was not the person who had applied and contracted for the credit. AHMSI willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom it lent money. Further, even if AHMSI would attempt to plead ignorance prior to 2007, it had all of the evidence and information with which to confirm and recognize the Plaintiff had not signed its credit application and was not obligated upon the AHMSI loan after the events previously alleged in this complaint.

56. As a result of this conduct, action and inaction of AHMSI, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

57. The Defamation, conduct and actions of AHMSI were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against AHMSI in an amount to be determined by the Court.

## SECOND CLAIM FOR RELIEF AGAINST AHMSI

58. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

59. AHMSI violated the Fair Credit Reporting Act, 15 U.S.C.§ 1681s-2(b) by continuing to the AHMSI representation within Plaintiff's credit file with Equifax, Experian and TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the AHMSI representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the AHMSI Representations to the consumer reporting agencies.

60. As a result of this conduct, action and inaction of AHMSI, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

61. AHMSI's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.35. The Plaintiff is entitled to recover costs and attorney's fees from AHMSI in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## THIRD CLAIM FOR RELIEF AGAINST AHMSI

62. Plaintiff realleges and incorporates paragraphs 1 through 62 above as if fully set out herein.

63. AHMSI violated the Federal Fair Credit Billing Act, 15U.S.C. § 1666 ("FCBA") by its refusal and failure to respond to Plaintiff's written dispute letter mailed by her attorney within sixty(60) days of receipt of Exhibit "A" and for its failure to conduct a lawful investigation of Plaintiff's dispute.

64. As a result of AHMSI's violation of the FCBA, AHMSI is liable to Plaintiff for her actual and statutory damages and for her attorneys fees and cost pursuant to 15 U.S.C. § 1640.

## FIRST CLAIM FROM RELIEF AGAINST OCWEN

65. Plaintiff realleges and incorporates paragraphs 1 through 65 above as if fully set out herein.

66. OCWEN published the OCWEN representations to Equifax, Experian and TransUnion and through Equifax, Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the OCWEN response to Equifax, Experian and TransUnion published just prior to 2007. As the representations were false, OCWEN defamed the Plaintiff.

67. The Defamation was willful and with malice. OCWEN did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the OCWEN representation. It also had substantial evidence by which to have verified that the Plaintiff was not the person who had applied and contracted for the credit. OCWEN willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom it lent money. Further, even if OCWEN would attempt to plead ignorance prior to 2007, it had all of the evidence and information with which to confirm and recognize the Plaintiff had not signed its credit application and was not obligated upon the OCWEN loan after the events previously alleged in this complaint.

68. As a result of this conduct, action and inaction of OCWEN, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69. The Defamation, conduct and actions of OCWEN were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against OCWEN in an amount to be determined by the Court.

## SECOND CLAIM FOR RELIEF AGAINST OCWEN

70. Plaintiff realleges and incorporates paragraphs 1 through 70 above as if fully set out herein.

71. OCWEN violated the Fair Credit Reporting Act, 15 U.S.C.§ 1681s-2(b) by continuing to the OCWEN representation within Plaintiff's credit file with Equifax, Experian and TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the OCWEN representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the OCWEN Representations to the consumer reporting agencies.

72. As a result of this conduct, action and inaction of OCWEN, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

73. OCWEN's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.35. The Plaintiff is entitled to recover costs and attorney's fees from MBNA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## THIRD CLAIM FOR RELIEF AGAINST OCWEN

74. Plaintiff realleges and incorporates paragraphs 1 through 74 above as if fully set out herein.

75. OCWEN violated the Federal Fair Credit Billing Act, 15U.S.C. § 1666 ("FCBA") by its refusal and failure to respond to Plaintiff's written dispute letter mailed by

her attorney within sixty(60) days of receipt of Exhibit "A" and for its failure to conduct a lawful investigation of Plaintiff's dispute.

76. As a result of OCWEN's violation of the FCBA, OCWEN is liable to Plaintiff for her actual and statutory damages and for her attorneys fees and cost pursuant to 15 U.S.C. § 1640.

**WHEREFORE,** Your Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated:  October 7, 2012
~~August 10, 2012~~

James E. Bowman II
JAMES E BOWMAN PLLC
Virginia State Bar #72752
100 Arbor Oak Drive
Ashland, VA 23005
PH: 804-277-4110
FAX 804-277-4257
jim@jebowman.com

*Attorney for Christina Barklow*